People of Puerto Rico, Plaintiff and Appellant, *v.* Severo Rodríguez, Defendant and Appellee.

No. 4888. Argued January 11, 1933.—Decided February 23, 1933.
Rehearing denied March 15, 1933.

R. A. *Gómez, Fiscal,* for appellant. R. A. *Arroyo Ríos* and J. *Valldejuli* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The district attorney for the District of Humacao filed an information against Severo Rodríguez, insular policeman, for a violation of section 138 of the Penal Code, a misdemeanor, consisting in having unlawfully, wilfully, under color of authority, and without justified reason therefor, assaulted and battered with a club the citizen Angel Berberena, in the town of Las Piedras, on the night of August 16, 1931, causing him serious injuries of the head.

The information ends thus:

"(Signed) Luis Campillo, District Attorney.—Sworn to and subscribed before me, this 29th day of October, 1931.—(Signed) A. Ramírez, Jr., Clerk of the District Court."

The record shows that the proceedings in the case were as follows:

"On this 21st day of November, 1931, this case was called for the reading of the information, and The People of Puerto Rico appeared through its prosecuting attorney and the accused appeared in person and represented by his attorney, R. A. Arroyo. After the information had been read and a copy thereof delivered to the accused, the latter pleaded not guilty and asked for a trial by jury. The court so ordered, and took under advisement the setting of a date for the trial."

Subsequently, in June of the following year, judgment was entered, as follows:

"On motion of the defendant, and as it does not appear that the information in this case was filed in open court as required by sections 3 and 69 of the Code of Criminal Procedure, the Court orders the dismissal of this case and the cancellation of the bond given by the accused for his provisional liberty, without costs."

Thereupon the prosecution took the present appeal, and the *Fiscal* has assigned in his brief four errors, which may be considered together as only a single fundamental question for examination and decision is involved, namely, that of whether the accusations preferred by district attorneys in Puerto Rico must necessarily be filed in open court.

In arguing his case the *Fiscal* maintains:

"*First:* That for the purpose of the question that we are discussing, there is a great difference between an 'indictment' and an 'information.' An 'indictment' is an accusation filed and presented by the grand jury, while an 'information' is an accusation formulated and presented by the Attorney General or his delegate attorneys.

"*Second:* An 'indictment' should be filed and presented in open court by the same grand jury that brought it, and in its presence as well as within the term in which the indictment was found.

"*Third:* An 'information,' on the contrary, does not have to be presented *in open court* by the Attorney General or prosecuting attorney who formulated it. It is sufficient that it be filed with the clerk of the court, said filing with the clerk constituting the presentment, and it is not even necessary that the court be working; it can be filed with the clerk even when the court is not in session."

Let us examine the legal provisions on which the district court based its judgment, to wit, sections 69 and 3 of the Code of Criminal Procedure.

Section 69 says:

"The information when filed shall be known as the presentment, and must be presented to the court and be filed with the clerk thereof."

In our opinion this provision does not, by itself, require that the information be presented at a public session, it being sufficient that it be delivered to the clerk and that the latter file it, all other proceedings to follow step by step the form of procedure prescribed by law.

That conclusion is supported by provisions in similar statutes and by the jurisprudence generally.

An examination of the Penal Code of California discloses that section 803 thereof provides: "An indictment is found within the meaning of this chapter when it is presented by the grand jury in open court, and there received and filed." Sections 800 and 801, the former referring to felonies and the latter to misdemeanors, use the words: "an indictment *must be found* or an information filed." And section 809 prescribes: "When a defendant has been examined and committed, as provided in section eight hundred and seventy-two of this code, it shall be the duty of the district attorney, within thirty days thereafter, to file in the superior court of the county in which the offense is triable an information charging the defendant with such offense."

It thus may be seen, that the presentation in open court is only required in the cases of indictments or accusations found by the grand jury; but not of the informations or accusations preferred by the district attorney. By examining the codes of Idaho and Montana a like conclusion is reached.

However, section 69 is not the only one involved. Section 3 of the same code is also to be taken into account, and requires separate study.

The pertinent part of said section, in Spanish, is as follows: "*Todo delito respecto del cual tuviere jurisdicción original la corte de distrito, deberá perseguirse en virtud de acusación presentada por el fiscal en sala de justicia y confirmada con su declaración jurada . . .*" In English, it reads thus: "Every offense of which the district court has original jurisdiction must be prosecuted by information filed by the prosecuting attorney, in open court, verified by his affidavit . . ."

That is the text as amended in 1904 (Session Laws of 1905, p. 15). When the Code was enacted in 1902, the Spanish text of the part transcribed was the same with the exception of a comma that had been placed after the word "*justicia.*" The

English text was also the same, except that the words "in open court" which are now set off with commas, were without those commas.

By its own terms, the provision directs that the information be filed in open court. The *Fiscal* maintains that by placing the English words "in open court" between commas, the intention was to state that the offenses should be prosecuted in open court and not that the information should be filed in open court.

The penal codes of California, Idaho, and Montana do not help us to solve the problem. Section 682 of the California Code begins: "Every public offense must be prosecuted by indictment or information, except . . ." It is the same as section 11607 of "The Revised Codes of Montana" and section 5130 of the "Idaho Codes."

The construction given by the district attorney to the statute is not admissible. It is tantamount to removing the words "in open court" from the place where they are and placing them after "prosecuted" and before "by."

We are aware of the great importance if this decision, since it has been the constant practice in the courts of Puerto Rico ever since their establishment, to file informations in the office of the clerk; but as the question is properly raised it is necessary to decide it in accordance with the law, and we have already seen that the law in force in this island requires that all accusations, whether preferred by the district attorney alone or by the grand jury, must be filed in open court.

Now, then, what effect would the failure to comply strictly with the statute have on the further proceedings?

When the information is read to the defendant, an act which is done in open court, the information necessarily has to be in open court. It was filed with the clerk, but it did not remain in his office. It came to a public session. If, at the time the information is read to him the defendant raises the question, his right should be immediately acknowledged.

How? By considering the information as filed by the district attorney, then and there, in open court, and setting a day for the arraignment, when the accused may be granted the time necessary for him to plead to the information by setting up such defenses as he may deem pertinent to his right.

If the accused raises no objection, it should be understood that the proceedings will continue without any hindrance, in accordance with the law, since the violation of a substantial right is not involved.

What happened in the specific case now submitted to our consideration and decision?

The record is clear. The district attorney acted improperly in not filing the information in open court; but on arraignment the accused confined himself to pleading not guilty and requesting to be tried by a jury. It was much later that he raised the question which he had already implicitly waived. Under those circumstances, there was no justification for dismissing the prosecution.

When the appeal herein was called for hearing, the appellee moved for a dismissal: (*a*) because the ordering of a new trial would be improper, (*b*) because a new prosecution would be barred, (*c*) because the defendant would be subjected to a new prosecution for the same offense, and (*d*) because the notice of appeal was not served on the attorney of record.

The motion is not well-founded. What the *Fiscal* asks is that the judgment appealed from be reversed and the case remanded for further proceedings, which is what this Court will do. Any defense that the accused may have he can present to the district court, which is the one called upon to decide in regard to the further proceedings that may be taken, with the sole limitation that the same be not inconsistent with this opinion and be in accordance with the law. In regard to the service of notice of the appeal, it appears from the record that the statute has been complied with.

In virtue of all the foregoing, the appeal must be sustained, the judgment appealed from reversed, and the case remanded to the district court for further proceedings in conformity with the law.

ON MOTION FOR REHEARING

March 15, 1933.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

We are asked to reconsider the judgment rendered in this case on February 23 last. The motion was filed too late, when the mandate had already been sent to the trial court. Nevertheless, we have examined it and its arguments do not convince us that the attitude assumed by the Court in considering the error waived is not just and proper. In the motion, another question is raised that it seems opportune to consider. There it is said:

"Further, because the instant case of the policeman Severo Rodríguez was filed in the office of the Secretary of this Court on July 12, 1932, and decided on February 23, 1933, thereby violating section 360 of the Code of Criminal Procedure of Puerto Rico, enacted specially for this Supreme Court and the terms of which are mandatory and imperative, its phraseology involving a substantial right for the defendant who can protest against such violation at any time; wherefore, this Supreme Court is bound, without entering into the merits of this case, to order the filing and dismissal thereof, said legal provision reading textually as follows:

"Section 360.—All appeals in criminal cases must be heard and determined by the Supreme Court within one hundred and twenty (days) after the record is filed in said Supreme Court, *unless continued on motion or with the consent of the defendant.*"

The defendant himself has underscored the part of the enactment that precludes him from invoking it in his favor at this stage of the proceeding.

*The hearing of the appeal* took place on January 11 last, when *the term fixed by section 360 of the Code of Criminal Procedure had already expired, and the defendant, who did*

*not confine himself to opposing the appeal but also moved* for its dismissal on the same day of the hearing, failed to raise in such motion the question he now raises, thereby impliedly consenting to a continuation of the appeal in due course.

Besides, the provision cited is not mandatory but directory, and the attendant circumstances in the case would not have led us to exercise our discretion by dismissing the appeal, even if the question had been raised on the day of the hearing.

Construing section 1252 of the Penal Code of California, which is essentially the same as section 360 of our code, the Supreme Court of that State, in the case of *People* v. *Staples,* 91 Cal. 23, 29, expressed itself as follows:

"There is no error in the record, and the judgment and order appealed from must be affirmed, unless a motion now made by the defendant to reverse the judgment and discharge him from custody must be granted on the ground that his appeal has not been decided within sixty days after the filing of the transcript here, as required by section 1252 of the Penal Code. But no such consequence is annexed to a failure to comply with that provision, in which respect it differs from section 1382, which is mandatory in its requirement that a criminal prosecution must be dismissed, unless good cause to the contrary is shown, when the defendant is not brought to trial in the superior court within sixty days after the filing of an indictment or information. It is to be noted, also, that the latter section prescribes the means, and the only means, of enforcing the constitutional right of the accused to a speedy and public trial. (Const., art. 1, sec. 13; *People* v. *Morino,* 85 Cal. 515.) We do not, however, rest our denial of this motion upon any distinction between a constitutional and statutory right,—between the right to a speedy trial and a speedy determination of an appeal,—but solely upon the ground that one provision is merely directory and the other mandatory in substance and in terms."

The motion for rehearing must be denied.